UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| STEPHEN SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:20-cv-27 |
| | ) |
| AIR QUALITY SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case**

1. Plaintiff, Stephen Shelton ("Shelton"), brings this Complaint against Air Quality Services, LLC, ("Defendant"), for its discriminatory actions toward him based on his race, African-American, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

**II.  Parties**

2. Shelton is a citizen of the United States and has resided within the State of Indiana at all relevant times hereto.

3. Defendant is a Domestic Limited Liability Corporation who conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

**III.  Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Shelton, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Shelton satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 24C-2018-00086 alleging race discrimination and Charge No. 24C-2019-00091 alleging race discrimination and retaliation. Shelton received his Notice of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

## IV. Factual Allegations

9. Shelton, who is African-American, was hired by the Defendant on or about August 26, 2017, as a Field Technician.

10. At all times relevant, Shelton met Defendant's legitimate performance expectations.

11. Shelton was the only African-American employed by the Defendant.

12. Throughout his employment tenure, Shelton has been subjected to harassment and discrimination based on his race. He has also witnessed discriminatory comments and slurs towards other minority groups.

13. Specifically, in or about February 2018, Shelton witnessed the Defendant's Project Manager, Michael McDaniel ("McDaniel"), who is Caucasian, make disparaging remarks about different races and religions – including remarks about Shelton's race.

14. After trying to ignore the on-going discriminatory comments, in or about June 2018, Shelton engaged in a protected activity and reported the comments to Defendant's Human Resources Director, Lynne Wilson ("Wilson"), who is Caucasian.

15. About a week later, Shelton provided a written statement to the Defendant as requested by Wilson.

16. Shelton was not privy to any further investigation, he was not informed of any outcome and, to Shelton's knowledge, McDaniel was not disciplined for his actions. Moreover, McDaniel continued with his discriminatory comments.

17. Since no meaningful remedial action was taken by the Defendant and the discriminatory comments continued, Shelton filed a Charge of Discrimination alleging racial discrimination on August 16, 2018.

18. After filing his Charge of Discrimination, Shelton was called into a meeting with the Defendant. The meeting was solely the Defendant telling Shelton there was nothing to his Charge, McDaniel did not mean all of the discriminatory things he said and that Shelton needed to dismiss his Charge.

19. After the above meeting, all of Shelton's co-workers were made aware that he filed a Charge of Discrimination and he was shunned. Additionally, the Defendant continued with the retaliatory harassment by overly monitoring his work and work time. For example, on or about February 25, 2019, Shelton was called to Neal Stewart's ("Stewart") office and accused of not working a full 40 hour week.  Later that afternoon, Shelton informed his supervisor of his meeting with Stewart and that he was tired of being picked on and harassed by the Defendant and he was going to start seeking other employment as a result.

20. The harassment continued and Shelton was left with no choice other than to quit his employment; i.e. he was constructively discharged on March 4, 2019.

21. Shelton has been discriminated against based on his Race, African-American, and retaliated against in violation of Title VII of the Civil Rights act of 1964, as amended.

## V. Causes of Action

### Count I. - Title VII – Race Discrimination Claim

22. Shelton hereby incorporates by reference paragraphs one (1) through twenty-one (21) of his Complaint.

23. Shelton was discriminated against, subjected to a hostile work environment and constructively discharged based on his race, African-American.

24. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

25. Defendant's actions were willful, intentional, and done with reckless disregard for Shelton's civil rights.

26. Shelton has suffered injury as a result of Defendant's unlawful actions.

### Count II. - Title VII – Retaliation Claim

27. Shelton hereby incorporates by reference paragraphs one (1) through twenty-six (26) of his Complaint.

28. Shelton was discriminated against, subjected to a hostile work environment and constructively discharged in retaliation for engaging in a protected activity.

29. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

30. Defendant's actions were willful, intentional, and done with reckless disregard for Shelton's civil rights.

31. Shelton has suffered injury as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Stephen Shelton, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their race;

2. Order that the Plaintiff be awarded back pay, lost wages, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Reinstate Plaintiff to his former position or award front pay in lieu thereof;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully Submitted,

s/*Kyle F. Biesecker*_____
Kyle F. Biesecker
Lauren Berger
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1001
Facsimile:   (812) 424-1005
E-Mail:      kfb@bdlegal.com
             lberger@bdlegal.com

Attorneys for Plaintiff

-6-

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Stephen Shelton, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully Submitted,

        s/*Kyle F. Biesecker*_____
        Kyle F. Biesecker
        Lauren Berger
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana 47708
        Telephone: (812) 424-1001
        Facsimile: (812) 424-1005
        E-Mail: kfb@bdlegal.com
                      lberger@bdlegal.com

        Attorneys for Plaintiff